Filed 2/1/24  P. v. Pacheco CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LORENZO ALBERTO PACHECO,<br><br>     Defendant and Appellant. | B331142<br><br>(Los Angeles County<br>Super. Ct. No. MA084078) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Affirmed as modified.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————————

A felony complaint, filed on October 18, 2022, charged Lorenzo Alberto Pacheco with one count of carjacking (Pen. Code,[1] § 215, subd. (a)). The complaint further alleged that in committing the offense, Pacheco engaged in violent conduct that indicates a serious danger to society within the meaning of California Rules of Court, rule 4.421(b)(1). The complaint also alleged that Pacheco had a prior serious and/or violent felony conviction—a 2016 robbery (§ 212.5)—within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(j) & 1170.12).

At a pretrial hearing on March 15, 2023, the trial court (Judge Shannon Knight) informed Pacheco that his "maximum exposure" on the carjacking offense, as pleaded, was 18 years in prison (the upper term of nine years, doubled to 18 years because of the prior strike). The court added that his exposure could increase to 23 years if the prosecution were to allege the prior robbery as a serious felony within the meaning of the five-year serious felony enhancement under section 667, subdivision (a). The prosecution offered Pacheco a plea deal under which he would admit the prior strike and plead guilty or no contest to a count of grand theft of an automobile (§ 487, subd. (d)(1))—a nonserious, nonviolent, nonstrike felony offense—and he would be sentenced to two years and eight months in prison (the low term of 16 months, doubled to 32 months because of the prior strike). Pacheco indicated he wanted to discuss the proposed plea deal with his counsel and respond to the offer on the next court date. The prosecutor agreed to hold the deal open until then.

At a hearing on April 6, 2023, the trial court (Judge Knight) granted the prosecution's motion to amend the felony

---

[1] Undesignated statutory references are to the Penal Code.

complaint by interlineation to add count 2, a violation of section 487, subdivision (d)(1), grand theft of an automobile, and to allege the prior strike (the 2016 robbery conviction) as to count 2. Pacheco waived a preliminary hearing, waived his constitutional rights, pleaded no contest to count 2, and admitted the prior strike; and the court accepted the plea. Pacheco agreed to be sentenced on May 10, 2023, before Judge Robert G. Chu.

At the outset of the sentencing hearing on May 10, 2023, defense counsel informed the trial court (Judge Chu) that Pacheco told him he was "not happy with his deal" and "want[ed] to take his deal back." Defense counsel stated "there's no legal basis" for a motion to withdraw the plea. Pacheco told the court he believed his counsel could have "fought" for a better deal, one without admission of the prior strike. Defense counsel reviewed with the court Pacheco's exposure on the carjacking offense as pleaded (18 years), and the agreed-upon sentence under the plea agreement (two years and eight months for grand theft of an automobile). The court found "no legal basis" that would allow Pacheco to withdraw his plea.

Pursuant to the parties' plea agreement, the trial court (Judge Chu) dismissed count 1 (carjacking) and sentenced Pacheco on count 2 (grand theft of an automobile) to two years and eight months in prison (the low term of 16 months, doubled to 32 months because of the prior strike).

On June 1, 2023, Pacheco, as a self-represented litigant, filed a notice of appeal. Therein, he stated that he was appealing from "the plea, sentencing and all legal proceedings imposed" in this matter. He did not file a written statement pursuant to section 1237.5, subdivision (a), "showing reasonable constitutional, jurisdictional, or other grounds going to the

3

legality of the proceedings," and the trial court did not issue a certificate of probable cause.

We appointed counsel to represent Pacheco in this appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  On November 22, 2023, we sent a letter to Pacheco and his appointed counsel, advising Pacheco that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Pacheco immediately.  Pacheco has not filed a supplemental brief.

We have examined the entire record and are satisfied that Pacheco's counsel has complied with his responsibilities and there are no arguable issues to be briefed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.) Pacheco's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5."[2]  (Cal. Rules of Court, rule 8.304(b); see § 1237.5.)  The record does not demonstrate the existence of any such issue.

We note that the abstract of judgment, filed on May 19, 2023, incorrectly states that Pacheco was convicted in this case of carjacking in violation of section 215, subdivision (a).  As set forth above, Pacheco was convicted in this case of grand theft of an automobile in violation of section 487, subdivision (d)(1).  We

---

[2] Pacheco did not move to suppress evidence.

4

order the trial court to correct this clerical error if it has not done so already.

## DISPOSITION

The trial court is directed to correct the May 19, 2023 abstract of judgment to reflect that Pacheco was convicted of grand theft of an automobile under section 487, subdivision (d)(1) (not carjacking under section 215, subdivision (a)). As so modified, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.